UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
BRYAN SHEPERD,

                         Plaintiff,

                -against-

Police Officer THOMAS PETERS, Shield No.
1163; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                      Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

14 CV 6427

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Bryan Shepherd ("plaintiff" or "Mr. Shepherd") is a resident of Kings County in the City and State of New York.

7.      Defendant Police Officer Thomas Peters, Shield No. 1163 ("Peters"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Peters is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 12:40 a.m. on September 15, 2014, Mr. Shepherd was lawfully in the vicinity of Belmont and New Jersey Avenues in Brooklyn, New York.

12.     As Mr. Shepherd lawfully stood outside with others following a family celebration, defendants rushed him and illegally searched plaintiff.

13.     Defendants violently threw Mr. Shepherd to the ground, kneed him in the face and back and rubbed his face into the concrete.

14.     Without probable cause or reasonable suspicion to believe he had committed any crime or offense defendants tightly handcuffed plaintiff.

15.     At no time did Mr. Shepherd commit any crime or offense or in any way resist the defendant officers.

16.     Defendants took him to the 75th Precinct.

17.     Mr. Shepherd was in significant pain and asked for medical treatment, but was denied the same by defendants.

18.     At the Precinct, defendants refused to remove Mr. Shepherd's handcuffs.

19.     Defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration, engage in disorderly conduct and resist arrest and prepared false paperwork to that effect.

20.     At no point did the officers observe Mr. Shepherd commit a crime or offense.

21.     Plaintiff was eventually taken to Brooklyn Central Booking and arraigned in Kings County Criminal Court, where the criminal charges were immediately adjourned in contemplation of dismissal.

22.     After approximately twenty-four hours in custody, Mr. Shepherd was released.

23.     Mr. Shepherd suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

24.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

26.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

27.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

32.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     The individual defendants created false evidence against plaintiff.

35.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

36.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

37.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

40.    Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

41.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Failure To Intervene**

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

45.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      October 30, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*